**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bombardier Transportation (Holdings) USA Incorporated,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>HDR Engineering Incorporated, et al.,<br><br>　　　　　Defendants. | No. CV-21-01460-PHX-SPL<br><br>**ORDER** |

In this case, Plaintiff Bombardier Transportation (Holdings) USA Inc. alleges claims against Defendants Structural Grace Inc. ("SGI") and HDR Engineering Inc. ("HDR") arising from alleged design failures in the Type 3 ride plates used in the Phoenix Sky Harbor International Airport PHX Sky Train System ("Sky Train System"). (Doc. 105). The design was issued by SGI and reviewed and reissued by HDR. (Doc. 1). Now before the Court are Defendant Structural Grace Inc.'s Motion to Stay (Doc. 76), Plaintiff's Motion to Strike Expert Affidavit (Doc. 81), and Defendant HDR Engineering Inc.'s Motion to Strike Reply (Doc. 102). The Court rules as follows.

### I.   MOTION TO STRIKE REPLY

The Court first addresses Defendant HDR's Motion to Strike Plaintiff's Reply in Opposition to HDR's Response to, and Partial Joinder in, Defendant SGI's Motion to Stay (Doc. 102). Though the title of the Motion is lengthy, the events grounding it are relatively straightforward. After Defendant SGI filed its Motion to Stay (Doc. 76), Plaintiff filed a timely Response (Doc. 82). Later the same day, Defendant HDR also

filed a timely Response and Partial Joinder in SGI's Motion to Stay (Doc. 83). Although Defendant HDR claims that the Response and Partial Joinder did not raise any new arguments (Doc. 113 at 2), this is clearly not true: HDR's Response and Partial Joinder in SGI's Motion to Stay argues that HDR is a third-party beneficiary of the subject settlement agreement and that Plaintiff failed to timely disclose certain information (Doc. 83)—arguments not raised in SGI's Motion to Stay (Doc. 76). Six days after HDR filed its Response and Partial Joinder, Plaintiff filed a "Reply in Opposition to" HDR's Response and Partial Joinder (Doc. 91). The following day, SGI filed a timely Reply in Support of its Motion to Stay (Doc. 96).

HDR's Motion to Strike argues that Plaintiff's "Reply in Opposition" to HDR's Response and Partial Joinder was unauthorized because LRCiv 7.2(d) only authorizes the "moving party" to file a Reply. (Doc. 102). Plaintiff counters that HDR's Response and Partial Joinder was in effect a motion that raised new arguments to which Plaintiff was entitled to respond. (Doc. 106).

The Court will not get bogged down in the semantics of how the documents were titled. As noted, HDR's Response and Partial Joinder did, in fact, raise new arguments in support of a stay. Although Plaintiff could and perhaps should have requested leave to respond to HDR's Response and Partial Joinder, the Court will consider Plaintiff's response to the arguments raised therein. *See Joe Hand Promotions, Inc. v. Manzo*, No. 2:15-cv-00313, 2016 WL 5118326 (D. Ariz. Sept. 21, 2016). HDR's Motion to Strike Plaintiff's Reply will be denied.

## II. MOTION TO STRIKE EXPERT AFFIDAVIT

Next, Plaintiff has filed a Motion to Strike the affidavit of Peter Lofquist, filed as an exhibit in support of SGI's Motion to Stay. Plaintiff argues that the affidavit provides new opinions not disclosed prior to the deadline for expert disclosures in violation of Rule 26 and this Court's Case Management Order. Plaintiff refers to Mr. Lofquist's statement in his deposition that the opinions in his affidavit were "not specifically stated as such" in his rebuttal report. (Doc. 81-1 at 4). But in response to the very next question,

Mr. Lofquist explains that the opinions in his affidavit come from his opinions stated in his previous report. (Doc. 81-1 at 4). Thus, the Court agrees with SGI that Mr. Lofquist's affidavit is not an untimely expert disclosure but rather a rephrasing of opinions found in his timely report to fit the context of the Motion to Stay. Plaintiff's Motion to Strike will also be denied.

### III.  MOTION TO STAY

Finally, Defendants move to stay this case. The primary basis for the Motion to Stay is a prior settlement agreement executed by Plaintiff and SGI that calls for arbitration of certain disputes, but Defendants also raise other arguments that the Court will address at the end.

#### a.  Prior Settlement Agreement

SGI moves to stay this case to allow the parties to engage in arbitration pursuant to a provision in a 2015 settlement agreement signed by Plaintiff and SGI, along with two third parties. In 2013, Plaintiff sued SGI and the third parties related to an alleged design defect in part of the Sky Train System. (Doc. 105 at 6–7; Doc. 120 at 7). In 2015, the parties entered into a settlement agreement in which they released certain claims against each other while reserving others, including claims related to latent defects. (Doc. 120 at 8). The settlement agreement also provided that mediator Kevin Ahern "shall be the final arbiter of any disagreements over the parties' intentions concerning the scope of settlement and the interpretation of final settlement documentation." (Doc. 120 at 10). The agreement reserves all other issues for this Court. (Doc. 120 at 10).

Mr. Lofquist's affidavit in support of the Motion to Stay asserts that the design defects alleged in this case are "related to the same design deficiencies" addressed in the previous lawsuit. (Doc. 76-1 at 2). SGI therefore argues that Mr. Ahern must "settle any dispute between the parties as to whether the previous Settlement Agreement is applicable to [Plaintiff's] current claims." (Doc. 76 at 3). Plaintiff counters on two grounds, arguing that SGI has waived its right to enforce the arbitration provision and that regardless, the arbitration provision is inapplicable here. (Doc. 82). The Court agrees

with Plaintiff in both respects.

Taking Plaintiff's second argument first, the settlement agreement's arbitration provision provides that Mr. Ahern shall resolve "disagreements over *the parties' intentions* concerning the scope of settlement and the interpretation of final settlement documentation." (Doc. 120 at 10 (emphasis added)). Here, the parties' intentions as to the scope of the settlement and its interpretation are not at issue; it is clear that the parties did not intend to release claims related to latent defects. (Doc. 120 at 8). Instead, as SGI states itself, "a dispute exists as to whether [Plaintiff's] current claims are latent defects." (Doc. 96 at 4). Because that issue does not fall under Mr. Ahern's authority set forth in the arbitration provision, it is reserved for this Court. (Doc. 120 at 10).

Even if the arbitration provision were applicable, Plaintiff's first argument—that SGI waived its right of enforcement—is also well taken. A party asserting waiver of the right to arbitration must show "(1) knowledge of an existing right to compel arbitration and (2) acts inconsistent with that existing right."[1] *McBurnie v. Acceptance Now, LLC*, No. 3:21-cv-01429-JD, 2022 WL 17342195, at *3 (N.D. Cal. Nov. 30, 2022) (quoting *Martin v. Yasuda*, 829 F.3d 1118, 1124 (9th Cir. 2016)). Here, SGI argues that it could not have known whether the settlement agreement's arbitration provision applied until it received Plaintiff's expert disclosures and that it expressly reserved its right to enforce the settlement agreement prior to that time.

Still, even assuming that SGI did not know it had the right to compel arbitration in this matter until it received Plaintiff's expert disclosures, SGI waited five months to file

---

[1] SGI cites to case law saying that waiver of a contractual right to arbitration is disfavored as it must be considered in light of the strong federal policy in favor of enforcement of arbitration agreements. (Doc. 96 at 2). But that case law appears to be inconsistent with the Supreme Court's recent holding in *Morgan v. Sundance, Inc.* that "[t]he federal policy is about treating arbitration contracts like all others, not about fostering arbitration." 142 S. Ct. 1708, 1713 (2022) ("[A] court may not devise novel rules to favor arbitration over litigation. If an ordinary procedural rule—whether of waiver or forfeiture or what-have-you—would counsel against enforcement of an arbitration contract, then so be it." (internal citation omitted)). Regardless, though, even giving strong deference to the settlement agreement's arbitration provision, the Court finds the provision inapplicable and waived.

the Motion to Stay. Plaintiff timely provided Defendants with its expert reports on May 13, 2022.[2] (Doc. 42). It is clear that SGI knew well in advance of that date that Plaintiff's expert reports would be critical to its analysis of whether it had the right to arbitration in this matter (*see* Doc. 26 at 6), and in fact, Mr. Lofquist's affidavit makes clear that Plaintiff's expert reports are the basis for his opinions stated therein. (Doc. 76-1 at 2 ("Findings related to the 2020 failures and expert opinions offered by [Plaintiff's expert,] SOCOTEC[,] identify the same failures that were to be resolved during the 2013 redesign by HDR.")).  Nonetheless, SGI did not file its Motion to Stay until October 12, 2022

"There is no concrete test to determine whether a party has engaged in acts that are inconsistent with its right to arbitrate." *Martin*, 829 F.3d at 1125. Still, "a party's extended silence and delay in moving for arbitration may indicate a conscious decision to continue to seek judicial judgment on the merits of the arbitrable claims, which would be inconsistent with a right to arbitrate." *Id.* (internal quotation marks omitted). For example, in *Morgan Stanley & Co., LLC v. Couch*, the parties "engaged in extensive discovery for almost a year" and participated in a private mediation before the defendant pursued arbitration under an arbitration agreement. 134 F. Supp. 3d 1215, 1230 (E.D. Cal. 2015), *aff'd*, 659 F. App'x 402 (9th Cir. 2016). The court found that the defendant's active litigation of the lawsuit was inconsistent with his right to arbitrate and that he had therefore waived said right. *Id.* at 1230–31; *see also Soriano v. Experian Info. Sols., Inc.*, No. 2:22-cv-197-SPC-KCD, 2022 WL 6734860, at *3 (M.D. Fla. Oct. 11, 2022) (finding waiver where the defendant litigated for nearly six months, including filing answers, exchanging written discovery, and attending mediation).

Here, it is true that SGI repeatedly stated that it may seek to enforce the settlement agreement, noting that it needed Plaintiff's expert reports before it could determine the

---

[2] SGI continues to gripe that Plaintiff's expert disclosures were "mercurial," but as the Court noted in its July 1, 2022 Order, Defendants agreed to a May 31, 2022 expert disclosure deadline, and in fact, Plaintiff served their expert disclosures more than two weeks before the deadline. (Doc. 47). Regardless, in finding waiver, the Court does not consider SGI's litigation conduct prior to Plaintiff's expert disclosures.

arbitration provision's applicability. (Doc. 26 at 6; Doc. 42 at 3; Doc. 46 at 3). *But see Martin*, 829 F.3d at 1125 ("A statement by a party that it has a right to arbitration in pleadings or motions is not enough to defeat a claim of waiver."). Even after SGI received those expert reports, however, it continued to actively participate in litigation before this Court for several months. Between the time that SGI received Plaintiff's expert reports and when it filed its Motion to Stay, at minimum, SGI served its expert rebuttal report on July 29, 2022 (including Mr. Lofquist's report that contains the opinions on which the Motion to Stay is based) (Doc. 53); participated in mediation on August 30, 2022[3] (Doc. 96); and responded to Plaintiff's discovery requests on October 12, 2022 (Doc. 75). All this despite SGI's apparent anxious anticipation of receipt of the expert reports so that it could determine whether this Court was in fact the proper forum for this dispute that the parties had already been litigating for months. (*See* Doc. 42 at 3–4). By delaying pursuit of arbitration for five months after receiving the information it claims was necessary to evaluate its right to arbitration, and by continuing to actively participate in litigation during that time, much like the defendants in *Morgan Stanley* and *Soriano*, SGI acted inconsistently with any right to arbitration under the settlement agreement. Because the settlement agreement's arbitration provision does not call for arbitration in this case, and because SGI waived that right even if it did, this case will not be stayed on the basis of the settlement agreement.[4]

///

---

[3] SGI asserts that mediation was postponed at least three times from December 2021 "due solely to [Plaintiff's] mercurial expert disclosures." (Doc. 96 at 3). Although it is ultimately irrelevant to the resolution of the Motion, the Court notes that that assertion is inconsistent with the parties' prior representation that at least one of the postponements occurred because the parties had agreed to mediate the matter with Mr. Ahern but had later "learned that Mr. Ahern's health would not permit him to mediate the case." (Doc. 40 at 2).

[4] The Court need not consider HDR's assertion that it is a third-party of the settlement agreement because even if it were, the same analysis applies to HDR as to SGI. The arbitration provision is inapplicable to the dispute in this case, and HDR participated even more extensively in litigation during the relevant time period such that it waived any right it may otherwise have had to arbitration. (*See, e.g.*, Docs. 52, 56, 57, 60, 64).

### b. Other Arguments

HDR's Response and Partial Joinder, argues that the case should be stayed because Plaintiff failed to timely disclose certain information related to expert Robert Vecchio, an argument in which SGI joins. In addition, SGI raised an argument in its Reply in support of its Motion to Stay that Plaintiff's Motion to Amend Complaint—which the Court granted as unopposed because no Defendant filed a response to the motion (Doc. 103)—requires a stay because "additional discovery is necessary" as a result. (Doc. 96 at 4). These arguments make minimal sense. A stay "operates upon the judicial proceeding itself . . . either by halting or postponing some portion of the proceeding." *Nken v. Holder*, 556 U.S. 418, 428 (2009). Pausing proceedings would be counterproductive to resolving Defendants' asserted need for additional time to review and obtain certain discovery. In sum, there are no grounds for staying this matter.

**IT IS THEREFORE ORDERED** that Defendant Structural Grace Inc.'s Motion to Stay (Doc. 76) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Expert Affidavit (Doc. 81) is **denied**.

**IT IS FURTHER ORDERED** that Defendant HDR Engineering Inc.'s Motion to Strike Reply (Doc. 102) is **denied**.

Dated this 19th day of December, 2022.

Honorable Steven P. Logan
United States District Judge