**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bombardier Transportation (Holdings) USA Incorporated,<br><br>Plaintiff,<br><br>vs.<br><br>HDR Engineering Incorporated, et al.,<br><br>Defendants. | No. CV-21-01460-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendant Structural Grace Incorporated's Motion to Dismiss for Failure to State a Claim (Doc. 115), in which it seeks dismissal of Count I of Plaintiff's First Amended Complaint. For the following reasons, the Motion will be denied.

**I.  BACKGROUND**

In this case, Plaintiff Bombardier Transportation (Holdings) USA Inc. alleges claims against Defendants Structural Grace Inc. ("SGI") and HDR Engineering Inc. ("HDR") arising from alleged design failures in the Type 3 ride plates used in the Phoenix Sky Harbor International Airport PHX Sky Train System ("Sky Train System"). (Doc. 105). As relevant to the pending Motion to Dismiss, in September 2009, Plaintiff entered into a contract with The CK Group, Inc. ("CK") to perform certain civil engineering services for the construction of the Sky Train System. (Doc. 105 at 3). Shortly thereafter, CK entered into a subcontract with SGI to perform certain calculations for CK's design work (the "CK-SGI Contract"). (Doc. 105 at 4).

Between September 2020 and January 2021, Plaintiff discovered five failures of Type 3 expansion joint ride plates in the Sky Train System. (Doc. 105 at 7). Plaintiff alleges that the failures were a result of the anchoring stud design issued by CK and SGI. (Doc. 105 at 8). Because of the failures, Plaintiff has been unable to operate the Sky Train System at full capacity, has lost revenue, and has incurred additional costs. (Doc. 105 at 8).

On August 23, 2021, Plaintiff initiated this action against CK, SGI, and HDR. On October 19, 2022, Bombardier and CK resolved their dispute, (Doc. 105 at 8), and CK was dismissed from this action eight days later. (Doc. 89). As part of their resolution, CK assigned its rights under the CK-SGI Contract to Bombardier. (Doc. 105 at 8).

On November 17, 2022, Plaintiff file its First Amended Complaint ("FAC") alleging four counts: (1) breach of contract against SGI; (2) negligence against SGI; (3) breach of implied warranty against SGI; and (4) breach of contract against HDR. On December 1, 2022, SGI filed the pending Motion to Dismiss, which has been fully briefed. (Docs. 115, 119, 132).

## II.     LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Id.* Factual allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013).

## III.    DISCUSSION

SGI's Motion seeks dismissal only of Count I of the FAC for breach of contract. In Arizona, to state a claim for breach of contract, a plaintiff must plead "the existence of

a contract, breach of the contract, and resulting damages." *Chartone, Inc. v. Bernini*, 83 P.3d 1103, 1111 (Ariz. Ct. App. 2004). Here, the FAC alleges that CK and SGI executed the CK-SGI Contract and that CK assigned its rights thereunder to Plaintiff. (Doc. 105 at 9). The FAC further alleges that SGI breached two sections of the CK-SGI Contract by providing "negligent, defective, and/or incomplete work," and that as a result, Plaintiff and CK suffered damages including lost revenue and incursion of costs. (Doc. 105 at 8–9). Accordingly, Plaintiff has adequately pled all three elements of a breach of contract claim—and SGI does not argue otherwise.

Instead, SGI argues that Plaintiff failed to make a proper tender to trigger the CK-SGI Contract's indemnification provision. (Doc. 115 at 3–4). This argument arises from the inclusion of a paragraph under Count I of the FAC stating that "SGI must indemnify Bombardier and CK under Section 12 of the CK-SGI Contract." (Doc. 105 at 9). But as the Court reads the FAC, Plaintiff's breach of contract claim is not based on the indemnification provision. Count I is titled "Breach of Contract," and the only breach alleged thereunder is a breach of Sections 1 and 3 of the CK-SGI Contract based on SGI's alleged negligent, defective, or incomplete work. Because Plaintiff has stated a claim for breach of contract on that basis, the Court sees no reason to address indemnity issues.[1] Accordingly,

**IT IS ORDERED** that the Motion to Dismiss for Failure to State a Claim (Doc. 115) is **denied**. SGI shall have until **February 24, 2023** to answer the FAC.

Dated this 10th day of February, 2023.

Honorable Steven P. Logan
United States District Judge

---

[1] SGI asserts that absent the indemnity allegation, "Count I is simply a rehashing of Count II—namely, breach of contract against SGI." (Doc. 132 at 2). Not so. Count I is a breach of contract claim; Count II is a negligence claim. Even if their allegations are quite similar, that is not grounds for dismissal.