**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bombardier Transportation (Holdings) USA Incorporated,<br><br>          Plaintiff,<br><br>vs.<br><br>HDR Engineering Incorporated, et al.,<br><br>          Defendants. | No. CV-21-01460-PHX-SPL<br><br>**ORDER** |

Before the Court are Defendant Structural Grace Inc.'s Objections to HDR Engineering, Inc.'s Rule 26(a)(3) Disclosure (Doc. 190), Plaintiff's Notice of Reserved Objections Relative to HDR's Final Pretrial Disclosure (Doc. 193), Defendant HDR Engineering, Inc.'s Objection to Plaintiff's Notice of Reserved Objections (Doc. 204), and Defendant HDR Engineering, Inc.'s Objections to Structural Grace, Inc.'s Attempted Rule 26(a)(3) Disclosures (Doc. 205). All of these filings stem from a disagreement about the deadline for pretrial disclosures under Federal Rule of Civil Procedure ("Rule") 26(a)(3) in this case. Rule 26(a)(3) requires parties to provide to the other parties and file certain information about evidence that they may present at trial.

Footnote 1 of this Court's standard Order Setting Final Pretrial Conference in civil cases, which is publicly available on the District website,[1] provides that "[p]reparation and lodging of the Joint Proposed Final Pretrial Order and Trial Pleadings in accordance

---

[1] https://www.azd.uscourts.gov/sites/default/files/judge-orders/SPL%20FPTC-Civil.pdf.

with the requirements of this Order shall be deemed to satisfy the disclosure requirements of Rule 26(a)(3) of the Federal Rules of Civil Procedure." Should this case proceed to a Final Pretrial Conference, the Court's standard Order will issue and the proper filing of a Joint Proposed Final Pretrial Order and Trial Pleadings will timely satisfy each party's Rule 26(a)(3) obligation.[2]

To the extent Defendant HDR Engineering asserts that the other parties have waived any objections not timely made to HDR's Final Pretrial Disclosure (Doc. 176), the Court excuses them for good cause. *See* Rule 26(a)(3)(B) ("Within 14 days after [pretrial disclosures] are made, unless the court sets a different time, a party may serve and promptly file a list of . . . objections . . . . An objection not so made . . . is waived unless excused by the court for good cause."). The Court's standard Order Setting Final Pretrial Conference requires the parties to note any objections in their Joint Proposed Final Pretrial Order and acknowledge that any objections not raised therein are waived. Defendant Structural Grace filed its Objections (Doc. 190) to Defendant HDR's Final Pretrial Disclosure (Doc. 176), while Plaintiff filed a Notice (Doc. 193) reserving its

---

[2] Rule 26(a)(3)(B) provides that "[u]nless the court orders otherwise, these disclosures must be made at least 30 days before trial." The Court's Order Setting Final Pretrial Conference will "order otherwise" should the case proceed to that stage.

Defendant HDR Engineering relies on the Rule 16 Case Management Order to argue that the deadline for Rule 26(a)(3) compliance was January 31, 2023, which was the operative discovery deadline. (Doc. 114). Footnote 1 of the Case Management Order states that the discovery deadline "supersedes the '30 days before trial' disclosure deadline" of Rule 26(a)(3). (Doc. 30 at 2 n.1). The next sentence, however, clarifies that "[t]he discovery deadline concludes the time to propound discovery, the time to answer all propounded discovery, the time to supplement disclosures and discovery, the time for discovery by subpoena, the time for the Court to resolve all discovery disputes, and the time to complete any final discovery necessitated by the Court's ruling on any discovery disputes." (Doc. 30 at 2 n.1). The Case Management Order later states that if the Court proceeds to a Final Pretrial Conference, the Court will issue an Order that "includes a form for the completion of the parties' joint proposed Final Pretrial Order" and "otherwise instructs the parties concerning their duties in preparing for the Final Pretrial Conference." (Doc. 30 at 6). Thus, footnote 1 of the Case Management Order makes clear that the Court expects all underlying discovery to be completed by the discovery deadline, but footnote 1 of the Court's Order Setting Final Pretrial Conference makes clear that timely filing of a proper Joint Proposed Final Pretrial Order satisfies the parties' obligation to provide pretrial disclosures notifying other parties and the Court of what material from the underlying discovery they intend to use at trial.

objections, noting that it would make any objections in the Joint Proposed Final Pretrial Order. To require the parties to make objections prior to the filing of a Joint Proposed Final Pretrial Order would be duplicative and inefficient. Pending dispositive motions may dispose of the case in full or in part, which would render the time and resources expended by the parties on objections wasteful.[3] And if the case did proceed, the parties would still have to assert any objections in their Joint Proposed Final Pretrial Order. There is and will be no apparent prejudice to Defendant HDR Engineering given that trial has not been set and will not be set until a potential Final Pretrial Conference, prior to which they will receive the other parties' pretrial disclosures and objections—in accordance with the Court's standard procedures in civil cases. (*See* Doc. 30 at 6).

Having clarified the Court's procedures and deadlines with respect to Rule 26(a)(3) pretrial disclosures,

**IT IS ORDERED** that Defendant Structural Grace Inc.'s Objections to HDR Engineering, Inc.'s Rule 26(a)(3) Disclosure (Doc. 190), Defendant HDR Engineering, Inc.'s Objection to Plaintiff's Notice of Reserved Objections (Doc. 204), and Defendant HDR Engineering, Inc.'s Objections to Structural Grace, Inc.'s Attempted Rule 26(a)(3) Disclosures (Doc. 205) are **overruled as moot**.

Dated this 7th day of March, 2023.

Honorable Steven P. Logan
United States District Judge

---

[3] To be clear, the Court expresses no views on the merits of the pending motions, which are still being briefed; it merely offers a hypothetical.